IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES V. DOTSON,

    Petitioner,

    v.                                     Case No. 2:04-cv-652
                                            JUDGE GRAHAM
OHIO ADULT PAROLE AUTHORITY,     Magistrate Judge KING

    Respondent.

OPINION AND ORDER

On March 28, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. On April 28, 2005, petitioner filed objections to the *Report and Recommendation*. Petitioner objects to all of the conclusions of the Magistrate Judge. Petitioner again raises all of the same arguments that were previously presented.

Petitioner asserts that his parole was revoked or that he was unconstitutionally denied release on parole based solely on hearsay; petitioner again argues that a transcript of his revocation hearing is required to resolve this action; petitioner argues that the Magistrate Judge misconstrued his claims; and petitioner again raises all of the same arguments that were previously presented.

> [A] parole revocation hearing is not part of a criminal proceeding and is instead an administrative procedure to determine whether a parolee should be deprived of his conditional liberty for failure to observe special parole conditions. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). In this context, it is well settled that the Commission may consider hearsay evidence which is reasonably reliable in reaching its decision. *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n. 5, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. at 489, 92 S.Ct. at 2604. Moreover,

> the Parole Commission may find a parole violation based upon its own finding of new criminal conduct even if (1) the parolee is later acquitted of all charges arising from the same conduct, *Steinberg v. Police Court of Albany, New York*, 610 F.2d 449, 451- 52 (6th Cir.1979) (dictum), (2) all criminal charges arising from the same conduct are dismissed prior to trial, *Robinson v. Benson*, 570 F.2d 920, 923 (10th Cir.1978), or (3) the parolee's criminal conviction is subsequently overturned. *Mack v. McCune*, 551 F.2d 251, 254 (10th Cir.1977.

*Taylor v. United States Parole Commission, et al.*, 734 F.2d 1152, 1155 (6th Cir. 1984)(citation omitted).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. Based upon the foregoing and for the reasons discussed at length in the *Report and Recommendation*, petitioner's objections are **OVERRULED.**

The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**. This case is **DISMISSED**.

It is so ORDERED.

                                                s/James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: May 5, 2005